Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non−Prisoner)

*State of Florida*
*Plaintiff*

# UNITED STATES DISTRICT COURT
for the

*Fla. State 15th Cir.*
*Case #*
*50-2025-TR-0717*
*96-AXXX-MB*

Southern District of Florida

West Palm Beach Division

*David Thrower*
*Defendant*

)
)
)   Case No. _____
)   *(to be filled in by the Clerk's Office)*
)
*Plaintiff/Defendant in State Court*,
)
)   FILED BY ___ *PCS* ___ D.C.
)
)   MAY 21 2025
)
)   ANGELA E. NOBLE
)   CLERK U.S. DIST. CT.
)   S.D. OF FLA. − W.P.B.
)
)   NOTICE OF REMOVAL
*Defendants/Plaintiffs in State Court*.
)
)   (Pursuant to
)   28 U.S.C. §§ 1441, 1443, and 1446)
)
)   (Non−Prisoner Complaint)
)
)
)
)
)   **JURY TRIAL DEMANDED**
)
)

NOTICE OF REMOVAL
Page 1 of 44

## I. PARTIES

1. **Plaintiffs:**

   a. David Thrower, temporarily residing in Jupiter Florida, lacking a stable address, and requesting electronic service under FRCP Rule 5(b)(2)(F) at david.thrower@outlook.com

2. **Defendants**

   a. Officer Christian  Ditommaso, (In his official capacity) Jupiter Police Department, 196 Military Trail, Jupiter 33458

   b. Unknown Employees of the Jupiter Police Department, (In their official capacity) municipal liability, 196 Military Trail, Jupiter 33458

   c. Jupiter Police Department, municipal liability, 196 Military Trail, Jupiter 33458

   d. Dave Kerner, Director of State of Florida, Florida Department of Highway Safety and Motor Vehicles, also referred to as the DHSMV  (In his official capacity)Neil Kirkman Building, 2900 Apalachee Parkway, Tallahassee, FL 32399

   e. Unknown Employees of the State of Florida, Florida Department of Highway Safety and Motor Vehicles, also referred to as the DHSMV (In their official capacity) Neil Kirkman Building, 2900 Apalachee Parkway, Tallahassee, FL 32399

3. **Non-parties served notice per state and federal rules**

    a. Ashley Moody, State of Florida, Attorney General, State of Florida, PL-01, The Capitol, Tallahassee, FL 32399-1050, (non-party, served per state rules)

    b. Dave Aronberg, Florida 15th Circuit State Attorney, 401 North Dixie Highway, West Palm Beach, FL 33401

    c. Florida's 15th Circuit Court: 3188 PGA Blvd. Palm Beach Gardens, FL 33410

## II. JURISDICTION AND BASIS FOR REMOVAL

1. **Subject Matter Jurisdiction and Cause of Action**

    a. Primary theory: Federal Question Jurisdiction **28 U.S.C. § 1331, § 1441(a)** based on the federal civil rights questions **42 U.S.C. § 1983** inextricably bound to the defense.

        i. 4th amendment civil rights, unlawful search and seizure, presentation of tainted evidence with cause for action under **42 U.S.C. § 1983, 28 § 1441(a) (§ 1443 as a secondary theory)**;

            1. Officer Christian Ditommaso acted while on duty, as a state licensed officer, in uniform and carried out his actions of witnessing to a defective complaint against the the Plaintiff. Doing using a state approved Uniform Traffic Citation form, such lodged this in state court in the 15th Circuit, committed into the State of Florida's TCATS system, so acted under color of state law. Ex parte Young (1908), Lugar v. Edmondson Oil Co. (1982), City of

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non−Prisoner)

Canton v. Harris (1989), Jupiter Police Department, in failing to ensure training and procedures to prevent.

ii.   5th amendment civil rights, right to remain silent and not testify against one's self with cause for action under **42 U.S.C. § 1983, 28 § 1441(a) (§ 1443 as a secondary theory)**;

    1.   The Florida Department of Highway Safety and Motor Vehicles and its director, unknown actors, acting in their official capacity, implemented and maintained a policy that deters citizens from checking their driver's license status by upgrading a first-time offense for driving with a suspended license to a criminal offense, eligible for arrest. So discouraging citizens from monitoring their license status, so denying them the opportunity to challenge improper suspensions through a hearing and infringing on their due process rights. The Department and its director acted under color of law in establishing, maintaining, and facilitating the enforcement of this policy through state systems.

iii.   4th, 7th and 14th amendment civil rights, due process in the civil matter of financial responsibility and license suspension **without service, before opportunity for a hearing**, with cause for action under **42 U.S.C. § 1983, 28 § 1441(a) (§ 1443 as a secondary theory)**;

1. The scheme mentioned in (ii), paired with the absence of notifications prevents citizens from requesting a fair hearing. without being punished for so doing, so using official state systems and office to do so establishes a 4th amendment violation, 7th amendment violation, and 14th amendment violation of due process for civil and criminal matters, and acted under color of the law.

iv.     14th amendment civil rights (due process and equal protections under the law) with cause for action under **42 U.S.C. § 1983, 28 § 1441(a) (§ 1443 as a secondary theory)**;

1. Officer Christian  Ditommaso, Jupiter Police Department, an unknown officers acted as previously described, establishing the same actors acted under color of the law on this basis.

b. Federal Question Jurisdiction 28 U.S.C. § 1331, **42 U.S.C. § 1983, <u>28 § 1443</u> as a primary theory (systemic inability to provide a fair trial on the basis of civil rights) and <u>28 U.S.C. § 1441(a)</u>, as a secondary theory**:

i.     Florida's 15th Circuit has a documented history of clear error and abuse of discretion in cases affecting the Plaintiff, including biased evidentiary decisions that deny the Plaintiff a meaningful review of claims and equal protection under **Georgia v. Rachel (1966)**.

    ii.   The judges and magistrates named in this case acted under color of law, making rulings in a courtroom during scheduled hearings and recording their decisions using the state court records system.

  c.  **Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367**

      1.  The state charge (driving with a suspended license) is under supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in addition to being **inextricably linked** to these federal questions under **45 USC 1983, 28 U.S.C. § 1441(a), and 28 § 1443**.

      2.  The federal court may hear **related state-law claims** under **28 U.S.C. § 1367** (e.g., challenge to Florida's financial responsibility suspension policies in the context as applied in this case and the civil rights questions surrounding them.)

2.  **Personal jurisdiction**

  a.  The plaintiff resides in Palm Beach County, within the Southern District of Florida

  **b.**  All events for which removal is sought occurred in Palm Beach County, except the actions of the DHSMV which directly affected the Plaintiff in Palm Beach County case and through agency of local courts and law enforcement.

3.  **Jurisdictional Timelines**

  a.  The case in state court which is sought for removal and for which relief is sought was lodged against the Plaintiff on **April 24, 2025**.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

b. All matters more than 30 days in the past referenced in the case facts are
   not matters for which relief is sought and are for establishing factual
   background for **28 § 1443**.

## III. Statement of Claims

1. **Authorities Cited:**

   a. **Statutes**

      i. **Federal**

         1. **28 U.S.C. § 1441** – Removal (federal question).

         2. **28 U.S.C. § 1443** – Removal based on civil rights violations
            (used here for alleged systemic bias).

         3. **28 U.S.C. § 1446** – Procedures for removal

         4. **28 U.S.C. § 1367** – Supplemental jurisdiction

         5. **42 U.S.C. § 1983** – Civil rights cause of action .

      ii. **State**

         1. **Florida Statute § 316.1925(1)** – Careless driving (basis of
            2011 traffic citation).

         2. **Florida Statute § 316.650(3)(a)** – Deadline for officers to
            submit traffic citations

         3. **Florida Statute § 839.13(1)** – Official misconduct

         4. **Florida Statute § 838.022** – Official misconduct

         5. **Florida Statute § 322.34** – Driving with a suspended license
            (current charge in 2025 case).

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

   6. **Florida Statute § 901.15** – Probable cause requirement

 b. **Rules**

  i. **Federal Rules (FRCP/FRE)**

   1. **FRCP Rule 5(b)(2)(F)** – (Plaintiff requests service via email).

   2. **FRCP Rule 11** – Certification of pleadings.

   3. FRE Rule 803(6) – Exempt Business Records

  ii. **State**

   1. **Florida R. Crim. Proc. 3.190(c)(4)** – Motion to dismiss for lack of prima facie case.

   2. **Fla. R. Crim. P. 3.190(b)** (Dismissals Generally).

   3. **Florida Rules of Traffic Court Rule 6.455** – Amendment of pleadings.

   4. **Fla. R. Traffic Court Rule 6.460(a)** (Civil Rules of Evidence Apply in Florida Traffic Case, applicability of Iqbal/Twombly plausibility standard.

 c. **Case Law Directly Cited or Applied**

  i. **Federal**

   1. **Ex parte Young (1908)** State officials act "under color of law" when enforcing unconstitutional statutes.

   2. **Lugar v. Edmondson Oil Co. (1982)** Conduct is "fairly attributable to the state" if rooted in state authority.

   3. **City of Canton v. Harris (1989)**: Inadequate training can be "state action" if it causes violations.

4. **Georgia v. Rachel, 384 U.S. 780 (1966)** – Removal under § 1443 justified for civil rights violations in state court

5. **Giordenello v. United States, 357 U.S. 480 (1958) – Complaints must state facts establishing probable cause, not just legal conclusions (Key argument).**

6. **Boyd v. United States, 116 U.S. 616 (1886)**, Giordenello probable cause requirement extends to civil processes that depend on search and seizure, <u>applicability of Giordenello standard to a stop for a civil traffic infraction</u>, inspecting a license, **(Key Argument).**

7. **Bell v. Burson, 402 U.S. 535 (1971)** – Due process requires notice/hearing before license suspension (challenges Florida's financial responsibility scheme).

8. **Whren v. U.S., 517 U.S. 806 (1996)** – Traffic stops require probable cause.

9. **Wong Sun v. U.S., 371 U.S. 471 (1963)** – "Fruit of the poisonous tree" doctrine (tainted knowledge of license suspension).

10. **Turner v. Rogers, 564 U.S. 431 (2011)** – Right to counsel in civil cases that risk leading to imprisonment, forms, and pro se communication (seeks court-appointed attorney).

    ii.    **State**

1. **State v. Hancock, 529 So. 2d 1200 (Fla. 1988)** – Late submission of citation not a *jurisdictional* defect (Magistrate Blumberg's ruling in 2011 case).

2. **State v. Teamer, 151 So. 3d 421 (Fla. 2014)** – Florida case law applies Giordenello 4th Amendment standard to traffic stops.

3. **State v. Kindle, 782 So. 2d 971 (Fla. 5th DCA 2001)** – Officer's "mere hunch" insufficient for stop.

4. **Dobrin v. Fla. Dep't of Highway Safety, 874 So. 2d 1179 (Fla. 2004)** – Suspension alone doesn't justify stop without independent violation, furthermore, the complaint must state facts to support probable cause that a violation occurred.

5. **State v. Bowers, 87 So. 3d 704 (Fla. 2012)** – Citations must articulate facts, not conclusions (parallel to *Giordenello*).

6. **State v. Jones, 791 So. 2d 580 (Fla. 1st DCA 2001)** – Stop without probable cause violates due process.

7. **Robinson v. State, 152 So. 717 (Fla. 1934)**, initial complaint lacking facts violates 4th amendment right to prepare for trial.

8. **State v. Smith, 638 So.2d 509, 510 (Fla.1994)**, "statutes criminalizing simple negligence to be unconstitutional.".

9. **State v. Hamilton, 388 So.2d 561, 563 (Fla.1980)**,

   "[U]nintentional conduct [ ] not generated by culpable

   negligence" will not support criminal liability.

d. **Supplemental Case Law (reasonable pro se administrative relief,**

   **establishing the evolution of probable cause, and relevance of void**

   **for vagueness)**

   i. **Federal**

      1. **Erickson, 551 U.S. at 94** Pro se litigants should be "held to

         less stringent standards … lawyers."

      2. **Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)**

         **(en banc)** "where the petitioner is pro se," courts must

         "particularly in civil rights cases, to construe the pleadings

         liberally and to afford the petitioner the benefit of any doubt.".

      3. **Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013).**

         "This rule relieves pro se litigants from the strict application

         of procedural rules and demands that courts not hold

         missing or inaccurate legal terminology or muddled

         draftsmanship against them."

      4. **The Thompson, 70 U.S. 155 (1865)**, probable cause

      5. **Wrightson v. United States, 95 U.S.App.D.C. 390,**

         **393-394, 222 F.2d 556, 559-560 (1955)**,  probable cause

      6. **Director General v. Kastenbaum, 263 U. S. 25; Carroll v.**

         **United States, 267 U. S. 132**,  probable cause

7. **Brinegar v. United States, 338 U. S. 160, 176**,  probable cause

8. **Stacey v. Emery, 97 U. S. 642**,  probable cause

9. **United States v. Di Re, 332 U. S. 581**,  probable cause

10. **Henry v. United States, 361 U. S. 98**,  probable cause

11. **Draper v. United States, 358 U. S. 307**,  probable cause

   ii.    **State**

1. **State v. Stanko 292 Mont. 214, 1998 MT 321, 974 P.2d 1139 (Mont. 1998)**, pertainance of void for vagueness in traffic regulations. The Plaintiff is aware and presenting this truthfully that this is not a binding authority in Florida state law, however, it does establish general and constitutional relevance.

2. CASE FACTS

   a.  The known history of substantial facts leading the Plaintiff to believe the case must be removed to ensure his civil rights begins in 2011.

   b.  On March 30, 2011, the Plaintiff was driving northbound on S.R. 91 (The Florida Turnpike) in Palm Beach, approaching Okechobee Blvd., when he became stuck in traffic due to a collision ahead that he was **not** involved in.

   c.  The plaintiff, being in danger of running out of fuel, pulls over to prevent his vehicle from becoming disabled in the street and becoming an obstruction to emergency vehicles or posing a collision hazard when the traffic flow was restored.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

   d.  The Plaintiff was then behind a vehicle believed to be a tan or gold mid-sized Chrysler sedan when it suddenly began backing up; the Plaintiff steered right onto the grass to avoid a collision, and as traffic behind him pulled forward, he was unable to return to the paved street.

   e.  The Plaintiff, now blocking the expected path of emergency vehicles responding, carefully and slowly pulled forward to reach the exit, thereby removing his vehicle from the path, while all other vehicles were at a standstill or slowly doing likewise and posed no realistic risk of collision.

   f.  A state trooper, David Sims (Mr. Sims), screamed at the plaintiff from a distance while citing another driver and demanded that the Plaintiff stop. The Plaintiff complied and stopped.

   g.  While waiting, the Plaintiff observed Mr. Sims approach an elderly male driver, approximately 90 years old, standing face - to - face, inches apart, and began yelling at him very loudly, reminiscent of a drill sergeant at a boot camp, except the additional extreme staccato speech pattern observed.

   h.  Mr. Sims finally approached the Plaintiff's vehicle after some time. Mr Sims shouted loudly and again in extremely frantic and staccato speech pattern, while erratically shaking "Give me your license!".

   i.  The plaintiff quickly went for his wallet which was in his pocket.

   j.  Mr. Sims expressed that he was not content with how quickly the plaintiff was removing the license from his wallet and continued shaking erratically, then grabbed the top of his service firearm which was in its holster, shook his service fire arm, holster and all, and shouted very loudly and frantically "GIVE ME

YOUR LICENSE!!!!!! I'M NOT GOING TO TELL YOU AGAIN!!!!!!!!", while the plaintiff was clearly scrambling to produce the document as quickly as possible and was already in a clear state of shock.

k. The collective demeanor observed, particularly the remarkably extreme pattern of staccato speech pattern (talking very fast beyond what is normally realistic to do without pharmaceutical augmentation) and exceptionally irritable, frantic, erratic, and and hyperactive / tremorsome demeanor observed, the Plaintiff believes in good faith and without doubt that Mr/ Sims presented **either** under the influence of a monamine stimulant such as cocaine or an amphetamine **or** was having a manic episode associated with Bipolar I **or** was experiencing an adverse reaction to a legitimate medication at the time of the stop.

l. The plaintiff produced his driver's license as demanded, as quickly as possible.

m. Mr. Sims went to his vehicle and returned with a Florida uniform traffic citation issued **March 30, at 5:33PM** at the location **2011 26 42.6110'N, 80° 8.3296'W** and handed it to the plaintiff and dismissed him.

n. The citation stated a claim of violating Florida Statute 316.1925(1), "careless driving" with three purported factual allegations **1. Driving across the median, 2.** Backing up 3. Driving on the grass, which led to Fla. 15th Cir Case # 502011TR092380AXXXMB.

o. The Plaintiff lodged a timely motion to dismiss (motion to dismiss #1), presenting as exculpatory exhibits, two exempt business records, or otherwise records that can be readily verified as truthful. The records, 1. a USGS satellite/aerial view of

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non−Prisoner)

the alleged violation site, see **Exhibit 5** and 2. a  Florida Turnpike account

statement, see **Exhibit 7 (and Exhibit 6** for traceability), demonstrated that

**driving across the median** was 1. **physically impossible** due to an intractable

retainer wall which in the aerial view depicted, moreover, the Turnpike records

depicted that the Plaintiff had entered the turnpike at Lake Worth Rd.

**Northbound** and exiting at Okeechobee Blvd **Northbound**, north of the site of

entry, which also contradicts the assertion the plaintiff drove across the median.

p.  The motion in summary presented the theory that the remaining  2 claims were

tainted, "fruit of the poisoned tree", in addition to other obvious reasons, because

the claim that the Plaintiff "drove across the median" lodged by the same officer

was patently false, additionally tainting the entire citation as submitted it violation

of **Florida Statutes § 839.13(1)** and **§ 838.022**, further arguing good faith

regarding the remaining 2 allegations.

q.  In addition to this, Mr. Sims lodged this citation against the Plaintiff unlawfully,

specifically, **after the statutory deadline to submit it had elapsed** under

**Florida Statute 316.650(3)(a)**.

r.  The plaintiff lodged another motion to dismiss, "**motion to dismiss # 2**" in

summary because 1. the citation was unlawfully submitted into evidence and

therefore tainted 2. The late submission the Plaintiff a right to prepare for trial,

especially when paired with the state's allowing it to be amended in the interim,

see **Florida Rules of Traffic Court Rule 6.455**.

s.  The chief magistrate Sarah Blumberg denied "motion to dismiss #2" and refused

to dismiss the case, appealing to **State v. Hancock, 529 So. 2d 1200** as case law

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

citing in summary that "the missed deadline is not fatal to the prosecution on **jurisdictional** grounds…" to support the decision. The Plaintiff claims that this ruling is fallacious as "although the late submission of the citation is not fatal to the prosecution as **jurisdictional**", there still remains the 2 remaining fatal issues, which were ignored, specifically, the taint of what was submitted and no remaining further matter of controversy, grounds to dismiss under **Florida R. Crim Proc. 3.190(c)(4)** and the fact that the late submission denies the plaintiff the right to prepare for trial and meaningfully participate in pre - trial proceedings with knowledge of the complaint as it will be submitted, especially if amendments are made under **Florida Rules of Traffic Court Rule 6.455** .

t.  At the pre - trial hearing, the assigned magistrate refused to dismiss the case based on "**motion to dismiss #1**" saying the lack of a plausible prima facie that the Plaintiff had driven across the median was a "factual argument that needed to be presented at trial".

u.  At trial, Magistrate Daniel Haverman, refused to read the motion and refused to allow the Plaintiff to enter a complete defense, finding the Plaintiff guilty.

v.  The Plaintiff filed a state 15th circuit appeal. The Florida Highway Patrol provided the Plaintiff a false address to serve documents specifically the "LEB Building on S.R. 91…". The plaintiff attempted to serve the documents by UPS with tracking and signature requested.

w.  The documents were returned as "multiple address errors".

x.  The 15th circuit state attorney's office moved to dismiss the appeal based on service, and the circuit judge dismissed the appeal. The judge had also issued an

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

order requesting the plaintiff fix a number of trivial pro forma issues.

y.  In 2012, the Plaintiff applied for SNAP benefits.

z.  This application was denied claiming that the Plaintiff failed to supply required documents by the deadline to submit them.

aa. The plaintiff requested a "fair hearing", and administrative hearing, and one was scheduled by the state.

bb. The Plaintiff presented the 15th circuit magistrate with a timestamped facsimile transmission confirmation showing otherwise. The magistrate accepted this proof that the documents were presented before the deadline.

cc. The state's representative representing the Florida Department of Children and Families then presented another purported defect that was **not** previously presented to the Plaintiff as a reason for denying his application in denial letters.

dd. The magistrate then affirmed the denial of benefits.

ee. The Plaintiff was then forced to file the appellate case # 4D12-4136 and waste the Fla. 4th DCA's time, time that could have been spent handling homicide appeals, wrongful death disputes, lawsuits over more than $50,000, and other serious matters, but instead was diverted to a dispute over $3000 in SNAP benefits.

ff. The appellate case # 4D12-4136 was settled in the Plaintiff's favor after months of unnecessary and duplicative review by Temi Zetinberg, an attorney appointed by the Fla. Department of Children and Families. … At which point, the plaintiff was severely emaciated, weighing around 115 lb., normal body weight of 145 lb.

gg. On a subsequent case, Northlake Blvd LLC v David Thrower, in summary proceedings over a residential eviction, reasonable exempt business records

submitted as evidence, for example in 15th circuit Filing # 150877237 E-Filed 06/06/2022 06:47:14 AM, Exhibit 1, Exhibit 2, Exhibit 3, Exhibit 4, were not considered in summary proceedings. **(Not to be mistaken for Exhibits 1-4 herein)**

hh. As a result, and the Plaintiff was deemed to be in default for moneys that his landlord Northlake Blvd LLC (DBA Gables Monticito) had actively refused to accept payment for and further found to be in default of "rent" for arbitrary balances for late fees that were incidentally created by a "glitch" in their payment processing system whereby valid payments attempted, for example the one displayed in these exhibits, would falsely claim an error "the address entered was not the correct billing address for this credit card", <u>when in fact</u> the correct address as the bank had on file was indeed entered.

ii. Upon calling the credit card company, the credit card company denied having declined the card, as expected because the card both had the available balance to offset the transaction and the correct address was entered.

jj. The Plaintiff also attempted to rectify the matter by having a cashier's check issued by a bank. Northlake Blvd LLC refused to accept the check as well as evidenced by the email in these exhibits.

**kk. Facts directly pertaining to the immediate matter at hand: The case for which removal from state court and other relief is sought.**

    i.  On 04/25/2025, an unknown officer of the Jupiter Police Department pulled over the Plaintiff on Toney Penna Dr. Near Bush Rd.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non−Prisoner)

    ii.    The officer submitted a complaint, see exhibit 8, to the 15th circuit alleging a violation of Florida Statutes 322.34, driving w/ suspended license without knowledge.

    iii.    **The complaint fails to allege any factual statement establishing a probable cause that the Plaintiff was suspected of violating any statute or ordinance to justify detaining the plaintiff to inspect his license nor any reason to believe his license was suspended prior to the stop, see Exhibit 8.**

    iv.    It is assumed as a matter of fact that the license being in the plaintiff's wallet and whether it was suspended would be unknown until a stop was made and the license was produced to the officer, an action requiring pre-existing probable cause.

    v.    For that reason, the **officer's statement in the complain**t that the license is suspended and both the **Officer's** and the **Plaintiff's** knowledge of the license suspension are **each** tainted as fruit of the poisonous tree to lack of probable cause.

    vi.    **No other allegation exists in this complaint**, leaving no admissible fact, disputed or otherwise, or admissible evidence of the Plaintiff's guilt for any offense, therefore presents no prima facie for guilt.

    vii.    **On 05/08/2025, the plaintiff filed a motion to dismiss raising this failure to state a prima facie case for guilt based on Crim Proc. 3.190(c)(4).**

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

    viii.   The plaintiff, as an act of cooperative practice, sent an email to the Jupiter Police Department and the 15th Circuit State Attorney's office bringing up the problem and respectfully asking for a voluntary dismissal.

    ix.   The email exchange concluded with Sergeant Brian Panczak claiming not to know which document the "complaint" was. The Plaintiff responded with interrogatories directing Panczak and witness Christian Dittommaso to access the 15th Circuit records portal > see Case Number 50-2025-TR-071796-AXXX-NB, > see Docket No. 1 (labeled as the complaint) and state whether it contains facts justifying the traffic stop.

## 3. ARGUMENT

### a. Issue 1: Unlawful Complaint Denys Plaintiff 4th Amendment Rights

    i.   **Giordenello v. U.S.\* (1958)** holds that a criminal complaint must <u>state facts</u> to establish probable cause, not merely recite the elements of a violation.

    ii.   Since the state of Florida frames minor traffic crimes as "civil" infractions, the Plaintiff also points out that the same requirements extend to civil actions involving discoveries resulting from search and seizure, see **Boyd v. United States, 116 U.S. 616 (1886)**

    iii.   On 04/25/2025 at around 10:30 PM, an unknown officer stopped Plaintiff and subsequently lodged the Florida Uniform Traffic Citation, serial number ALEP9CE and opened the Fla. 15th Cir case 50-2025-TR-071796-AXXX-NB, see Exhibit 8.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

iv.    This complaint lacked a prima facie case for the Plaintiff's guilt because it lacked any fact or facts that support a claim of probable cause to believe that any violation had occurred which would be realistically suspected prior to the officer detaining the Plaintiff, see **Exhibit 8**.

v.    **While Giordenello v. U.S., 357 U.S. 480 (1958)**, involving a federal warrant, its core holding—that a complaint must state facts supporting probable cause, not just legal conclusions—has been extended to state-level detentions applying the 4th Amendment, and Florida Adopts the Giordenello Standard for Traffic Stops, see State v. Teamer, 151 So. 3d 421 (Fla. 2014)*.

vi.    Under Fla. Stat. § 901.15(5), an officer must have observed a violation or received credible information from another officer that did to lawfully detain a driver.

vii.    If the citation merely recited the violation ("driving with a suspended license") without facts justifying the stop, it fails Florida's probable cause requirements.

**viii.**    Florida Case Law Requires Factual Basis for Traffic Stops, and routinely suppress evidence from stops where the officer lacked reasonable suspicion or probable cause.  State v. Kindle, 782 So. 2d 971 (Fla. 5th DCA 2001) An officer's "mere hunch" does not justify a stop and reasonable suspicion is required.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

   ix.    The citation or arrest report must articulate specific facts that create substantial suspicion of a violation (e.g., persistent erratic driving, expired tags), and simple negligence **State v. Smith, 638 So.2d 509, 510 (Fla.1994)** and unintentional behavior **State v. Hamilton, 388 So.2d 561, 563 (Fla.1980)** has been found unconstitutional to consider as criminal under Florida case law.

   x.    (*State v. Bowers*, 87 So. 3d 704 (Fla. 2012)). The citation's legal conclusion—without factual support—renders Plaintiff's detention **unconstitutional under the 4th Amendment** and Florida law."

   xi.    A traffic citation that fails to articulate facts establishing probable cause violates due process (Whren v. U.S., 517 U.S. 806 (1996)* applied in Florida via State v. Jones, 791 So. 2d 580 (Fla. 1st DCA 2001)*).

   xii.    Additionally, **Robinson v. State, 152 So. 717 (Fla. 1934)**, finds that in cases of careless driving, facts must be stated in the **initial complaint** to explain what actions were careless in order to ensure a **suspect's right to prepare for trial**, as without such, they are not able to ascertain what factual assertions the prosecution claims and cannot take discovery actions to confirm or refute them. The same right to review the stated facts from the initial complaint and prepare for trial exists in this case as well, regardless the charge.

   xiii.    **Dobrin v. Fla. Dep't of Highway Safety*, 874 So. 2d 1179 (Fla. 2004) A claim of a license suspension alone does not justify a**

**stop unless the officer independently observes a traffic violation. "***... The record did not competently or substantially support the officer's stop of Dobrin's vehicle on the basis of the failure to maintain a single lane <u>because the facts</u> contained in the arrest report <u>did not state ...</u> that Dobrin went beyond a single lane; ... because there was no indication ... what the speed limit was, ... in excess of the speed limit, or <u>that the reason for the officer's stop was</u> speeding" ...***"we direct the reinstatement of the circuit court's order quashing Dobrin's license suspension"***

xiv. Officer DiTommaso **knew or should have known the complaint was legally insufficient** but it was filed anyway as evidenced by the content of the FDLE police officer training guidelines., see these topics in the FDLE police officer training guidelines: https://www.fdle.state.fl.us/cjstc/exam/content-and-prep.aspx, (05/05/2015), CJK 0024: Legal Concepts;, (05/05/2015), CJK 0018: Legal; (05/05/2015), CJK 0079: Crime Scene Follow-up Investigations;, (05/05/2015), CJK 0400: Traffic Incidents;, (05/05/2015), CJK 0401: Traffic Stops;, (05/05/2015), CJK 0402: Traffic Crash Investigations; (05/05/2015), CJK 0403: DUI Traffic 'Stopes' (exact wording copied from the state's web site).

**b. Issue 2: Plaintiff's Tainted Knowledge of License Suspension**

i. Plaintiff only learned of the suspension through this stop.

ii.   The state now stands to prosecute the Plaintiff for "driving with a suspended license <u>with</u> knowledge", if stopped subsequently, a criminal violation that is eligible for arrest.

iii.   The Plaintiff holds this as wrong based on the fact the plaintiff's knowledge of the suspension is a result of a complaint lacking probable cause (*Wong Sun v. U.S.*, 1963).

iv.   The threat of arrest under Florida statutes for driving with a suspended license immediately and adversely affects the Plaintiff's civil rights, hindering daily transportation, causing ongoing personal harm, and straining family relationships.

c.  **Issue 3: The Complaint Does Not Conform to <u>applicable</u> Civil Rules of Evidence, is Inadmissible and Should Be Suppressed / Stricken**

i.   **Under Florida rules of Traffic Court Rule Fla. R. Traffic Court Rule 6.460(a)**, "rules of evidence apply **as in a civil case**" for all evidence submitted <u>including the complaint</u> and its constituent statements.

ii.   One evidentiary rule applying to a complaint under civil rules is the plausibility rule imposed under **Ashcroft v. Iqbal, 556 U.S. 662 (2009)** & **Bell Atlantic v. Twombly, 550 U.S. 544 (2007)**, which requires facts to establish wrongdoing and standing in order for the complaint to proceed and to be admissible at trial. In a criminal case, the requirement of standing is obviously negated by criminal procedure, **however,** a prima facie that lawfully discovered facts

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

support a theory that a violation occurred, remains a requirement for an initial complaint **to survive pre-trial dismissal**.

iii.   The complaint fails this Ashcroft v. Iqbal and Bell Atlantic v. Twombly plausibility standard, because it lacks facts to establish a reason to believe that 1. a violation of driving with a suspended license was occurring NOR 2. a reason to believe that another violation was occurring a stop for such other reason led to discovery of a suspended license.

iv.   Since facts to show lawful discovery of an alleged violation is an irreparable defect, amendment if the complaint would be futile, which condition is cause to deny leave to amend, as provided under **Chinatown Neighborhood Ass'n v. Harris**. This **negates** any potential benefit which the prosecution would otherwise have under **Florida Rules of Traffic Court Rule 6.455** in terms of leave to amend the complaint "when appropriate for a judge to approve".

d. **Issue 4: Unconstitutional Driver's License Suspension, Without Due Process**

i.   Plaintiff's license was suspended for an unknown "financial responsibility". The time and date of this action are unknown, given the Plaintiff's lack of any notification from the state or service of process that an action aiming at suspending his license was pending violating **Bell v. Burson (1971)**.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non−Prisoner)

    ii.    Despite registering himself for statewide e-service and regularly searching his name in local courts and conducting OSINT investigations on himself, the Plaintiff remained uninformed there was any problem affecting his license to address.

**e. Issue 5: The facts presented show a persistent pattern of deprivation of rights to due process in the 15th Circuit**

    **i.    Plaintiff Asserts the Following as Clear and Willful Error**

        1.  The 15th circuit's ruled in State v  Thrower 2011 that the Plaintiff was guilty of driving a Toyota Camry across the median where a retainer wall made that claim patently implausible and was therefore patently false (unless a severe collision, damage, and injury has occurred).

    **ii.    Plaintiff Asserts the Following as Abuse of Discretion**

        1.  The 15th Circuit's evidentiary decisions in Northlake Blvd LLC v. David Thrower, where a copy of an email and cashier's check was not considered in summary proceedings to support a claim that the landlord suing the Plaintiff artificially created a default by actively refusing to accept payment and further refusing to call an evidentiary hearing.

        2.  In Northlake Blvd LLC v. David Thrower, screenshots showing a false error message stating that the Plaintiff had entered an address "that did not match what the credit card company had on file", were also not considered with regard

to the Plaintiff's claim that the "debt" for "late fees" was artificially created by this fraudulent mechanism.

3. No reason for these decisions was supplied, nor any opportunity to correct any defect or authenticate or re-submit. Notably, these being in summary proceedings, where there was no realistic opportunity for elaborate discovery, not in trial practice.

4. Magistrate Sarah Blumberg's finding in Starte v Thrower 2011, that a traffic citation submitted unlawfully **after both** 1. the statutory deadline for the officer to submit the citation and 2. the Plaintiffs deadline to respond to it, was not fatal to the prosecution of the case nor a violation of the Plaintiff's 4th amendment rights and using irrelevant case law to justify the assertion. This action deprived the Plaintiff of his 4th amendment right to prepare for trial.

iii. Collectively, this persistent pattern creates doubt that the Plaintiff can obtain a fair trail in the 15th circuit **Georgia v. Rachel (1966)**.

## IV. Injuries In Fact, Actual and Proximate Cause, and Standing

1. A citation claiming **$168.00**, is lodged against the Plaintiff described in the case facts, see Exhibit 8.

2. **$8.58** in printing costs was incurred to print the motion to dismiss submitted to Fla. 15th Cir. for the immediate case sought for removal, see Exhibit 9.

3. **$10.85** in document scanning costs was incurred to scan the signed copy of a motion to

dismiss submitted to Fla. 15th Cir. for the immediate case sought for removal, see Exhibit 10.

4. The plaintiff suffered personal injuries including but not limited to:

   a. Minor lacerations to the feed as a result of having to make 6 - mile walks on un-suitable footwear as seen in exhibit 11.

5. Plaintiff has been burdened with around 40 hours of preparing legal proceedings as evidenced by the docket of this case and the docket of the state court case filed in the 15th circuit. These hours could have been spent doing productive work at a rate of no less than $50 / hour, his minimum client rate, around **$2000** in damages. See Exhibit 12.

6. Future printing costs to print this and further pleadings, service of process costs, etc are inherently imminent as evidenced by the requirements throughout FRCP.

7. **2187.43** in total damages. has been sustained thus far.

## V. Relief Sought From This Court

1. Remove the 15th circuit case from state court.

2. Process the existing motion to dismiss Fla. 15th Cir. Case# 50-2025-TR-071796-AXXX-NB (Docket No. 4), or otherwise dismiss the state court case that has been lodged against the Plaintiff.

3. Preliminary injunctive relief to reinstate the Plaintiff's license unless and until the Plaintiff has been:

   a. Served no less than 60 days notice of an action via Florida's Eservice system for which the Plaintiff is registered for statewide service, such

notifying him of the action intended against his license for said purported financial responsibility;

b. Has been provided with clear reasons for this action and an opportunity to resolve the issues before any punitive action such as license suspension is taken;

c. Has been provided an opportunity for an administrative hearing with a judge or qualified magistrate to determine the truth of the matter;

4. Appointment of an attorney to represent or at least assist the Plaintiff to address the civil rights matters and clarify the procedures for removal and civil rights litigation when a government entity is a defendant. The Plaintiff has found information and forms in federal pro se resources to guide general private sector litigation, but the Plaintiff has followed limited information, disparate information, and resources presenting conflicting accounts and details of the procedures regarding removal from state court and civil rights litigation against state government and municipal actors. The Plaintiff has not had an opportunity to convene with an attorney on these matters either. The Plaintiff has followed available resources to the best of his ability and therefore requests leave to amend this petition if necessary and liberal judicial interpretation of statements, terminology, etc.

## VI. Conclusion

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an

improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the

requirements of Rule 11.

Respectfully submitted this 21st day of May, 2025.

David Thrower, Pro Se Plaintiff
340 Royal Poinciana Way #317-103
Palm Beach, FL 33408
(239) 645-3585
david.thrower@outlook.com

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non−Prisoner)

**Certificate of Service**

Plaintiff attests that he has supplied a copy of the complaint to the following parties:

Dave Kerner
Director of State of Florida, Department of Highway Safety and Motor Vehicles DHSMV
Neil Kirkman Building
 2900 Apalachee Parkway
Tallahassee, FL 32399

[ ] Personal Service – FRCP 4(e)
[X] By U.S. Mail – FRCP 5(b)(2)(C)
[X] By Email – FRCP 5(b)(2)(E)

Officer Christian  Ditommaso
Jupiter Police Department,
196 Military Trail, Jupiter 33458

[ ] Personal Service – FRCP 4(e)
[X] By U.S. Mail – FRCP 5(b)(2)(C)
[X] By Email – FRCP 5(b)(2)(E)

Jupiter Police Department,
196 Military Trail
Jupiter 33458

[ ] Personal Service – FRCP 4(e)
[X] By U.S. Mail – FRCP 5(b)(2)(C)
[X] By Email – FRCP 5(b)(2)(E)

**Non-parties served notice per state and federal rules**

Ashley Moody, State of Florida
Attorney General, State of Florida, PL-01
The Capitol
Tallahassee, FL 32399-1050

[ ] Personal Service – FRCP 4(e)
[ ] By U.S. Mail – FRCP 5(b)(2)(C)

NOTICE OF REMOVAL
Page 31 of 44

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

[X] By Email – FRCP 5(b)(2)(E)

Dave Aronberg
Florida 15th Circuit State Attorney
401 North Dixie Highway
West Palm Beach, FL 33401


[ ] Personal Service – FRCP 4(e)
[ ] By U.S. Mail – FRCP 5(b)(2)(C)
[X] By Email – FRCP 5(b)(2)(E)

Florida's 15th Circuit Court:
3188 PGA Blvd.
Palm Beach Gardens, FL 33410

[ ] Personal Service – FRCP 4(e)
[X] By U.S. Mail – FRCP 5(b)(2)(C)
[ ] By Email – FRCP 5(b)(2)(E)

## Waiver of Service Statement

**Pursuant to Federal Rule of Civil Procedure 4(d)**, Plaintiff will send a **Notice of Lawsuit and Request for Waiver of Service of Summons** (along with a copy of the Complaint and this Notice of Removal) to each named Defendant via **first-class mail or other reliable means**. A stamped, court-filed copy of the Complaint will be included with each mailing.

Each Defendant has a **duty to avoid unnecessary costs of service**, and if they fail to sign and return the waiver within the time specified by FRCP 4(d), they may be required to pay the costs of formal service unless good cause is shown for their refusal.

Respectfully submitted and attested this 21st day of May, 2025.


David Thrower, Pro Se Plaintiff
340 Royal Poinciana Way #317-103
Palm Beach, FL 33408
(239) 645-3585
david.thrower@outlook.com

**Exhibit 1: 15th circuit Filing # 150877237 E-Filed 06/06/2022 06:47:14 AM, Exhibit 1**

\* Can be authenticated through a certified copy from Fla. 15th Cir.

Exhibit 1: Copy of Check Delivered to Plaintiff received by agent April Herth on May13, 2022

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non−Prisoner)

**Exhibit 2: 15th circuit Filing # 150877237 E-Filed 06/06/2022 06:47:14 AM, Exhibit 2**

\* The difference between the $450 paid and the 1072.50 claimed were artificially created charges so created by refusing to accept other valid payments.

\* Can be authenticated through a certified copy from Fla. 15th Cir.



Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**Exhibit 3: 15th circuit Filing # 150877237 E-Filed 06/06/2022 06:47:14 AM Exhibit 3**

\* Can be authenticated through a certified copy from Fla. 15th Cir.; Depicts a payment attempt to Gables Montecito (Northlake Blvd LLC) using the correct address.

1_Document revision 2022-06-05_22-54

Exhibit 3: Technical difficulties frequently encountered when attempting to use rent portal – Form Submitted

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**Exhibit 4: 15th circuit Filing # 150877237 E-Filed 06/06/2022 06:47:14 AM Exhibit 4**

* Can be authenticated through a certified copy from Fla. 15th Cir.; Depicts the result of a payment attempt to Gables Montecito (Northlake Blvd LLC) using the correct address. A false error message that the wrong address was entered, which the Plaintiff was frequently presented with when making timely payment attempts to the property manager.. The message would disappear after the 4th of the month when a "late fee" was imposed, explaining the late fees in the balance disputed in Exhibit 1.

1_Document revision 2022-06-05_22-54

Exhibit 4: Technical difficulties frequently encountered when attempting to use rent portal – Errors chronically encountered after submitting the aforementioned form data seen in EXHIBIT 3. This is what artificially created interest charges



Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**Exhibit 5: US Geological Survey Records Submitted to Fla. 15th Cir. in 2011 ***

\* As scanned by the 15th Circuit in their docket the original was clearer and these records can be readily verified through US Geological Survey or traceable secondary sources



Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## Exhibit 6: Florida Turnpike Business Records Submitted to Fla. 15th Cir. in 2011

(Page 1 of 2 with traceability stamps):



**SunPass®**
PREPAID TOLL PROGRAM

### Detail Statement

DAVID THROWER
6099 EATON ST.
WEST PALM BEACH FL 33411

Statement Period:        03/01/2011 12:00:00 AM to 03/31/2011 11:59:59 PM        Customer# 12946468
Printed On: 06/30/2011 02:12:21 PM

You saved $6.20 during this period by using SunPass®.

**Financial Activity of Transponder 107965610110**

| Access Date | Activity | Transaction Type | Amount | Running Balance |
|---|---|---|---|---|
| | BEGINNING TRANSPONDER BALANCE | | | $21.29 |
| 03/01/2011 09:41:25 | Transponder 107965610110 on 03/01/2011 09:17:37 at Jupiter lane 01N with 02 axles. | ETKT | $0.00 | $21.29 |
| 03/01/2011 10:14:31 | Transponder 107965610110 on 03/01/2011 09:33:20 at SR 80 lane 08Z with 02 axles. | XTKT | ($1.10) | $20.19 |
| 03/03/2011 14:33:02 | Transponder 107965610110 on 03/03/2011 13:52:42 at Palm Beach Gardens lane 05Z with 02 axles. | XTKT | ($0.50) | $19.69 |
| 03/03/2011 14:38:09 | Transponder 107965610110 on 03/03/2011 13:43:28 at West Palm Beach lane 02N with 02 axles. | ETKT | $0.00 | $19.69 |
| 03/04/2011 10:56:43 | Transponder 107965610110 on 03/04/2011 10:40:43 at Jupiter lane 02Y with 02 axles. | ETKT | $0.00 | $19.69 |
| 03/04/2011 11:37:52 | Transponder 107965610110 on 03/04/2011 10:55:47 at West Palm Beach lane 04X with 02 axles. | XTKT | ($0.90) | $18.79 |
| 03/04/2011 18:24:47 | Transponder 107965610110 on 03/04/2011 17:51:58 at Jupiter lane 04Z with 02 axles. | XTKT | ($0.90) | $17.89 |
| 03/04/2011 18:26:09 | Transponder 107965610110 on 03/04/2011 17:36:48 at West Palm Beach lane 02N with 02 axles. | ETKT | $0.00 | $17.89 |
| 03/07/2011 10:49:51 | Transponder 107965610110 on 03/07/2011 10:36:28 at Jupiter lane 02Y with 02 axles. | ETKT | $0.00 | $17.89 |
| 03/07/2011 12:05:03 | Transponder 107965610110 on 03/07/2011 10:51:41 at West Palm Beach lane 05X with 02 axles. | XTKT | ($0.90) | $16.99 |
| 03/07/2011 17:36:51 | Transponder 107965610110 on 03/07/2011 17:13:19 at West Palm Beach lane 01N with 02 axles. | ETKT | $0.00 | $16.99 |
| 03/07/2011 18:05:27 | Transponder 107965610110 on 03/07/2011 17:29:15 at Jupiter lane 03X with 02 axles. | XTKT | ($0.90) | $16.09 |
| 03/09/2011 09:18:45 | Transponder 107965610110 on 03/09/2011 09:10:31 at Jupiter lane 02Y with 02 axles. | ETKT | $0.00 | $16.09 |
| 03/09/2011 09:53:22 | Transponder 107965610110 on 03/09/2011 09:26:25 at West Palm Beach lane 03X with 02 axles. | XTKT | ($0.90) | $15.19 |
| 03/12/2011 17:00:59 | Transponder 107965610110 on 03/12/2011 16:43:44 at West Palm Beach lane 01N with 02 axles. | ETKT | $0.00 | $15.19 |
| 03/12/2011 17:24:04 | Transponder 107965610110 on 03/12/2011 16:50:29 at SR-710 Beeline Highway lane 03Z with 02 axles. | XTKT | ($0.30) | $14.89 |
| 03/13/2011 10:29:15 | Transponder 107965610110 on 03/13/2011 10:19:16 at Lantana lane 08Z with 02 axles. | XTKT | ($1.30) | $13.59 |
| 03/13/2011 10:55:33 | Transponder 107965610110 on 03/13/2011 10:50:09 at Sunrise Mainline SB ORT Lite lane 02S with 02 axles. | TTOL | ($0.75) | $12.84 |
| 03/13/2011 11:01:11 | Transponder 107965610110 on 03/13/2011 10:34:08 at Sawgrass Deerfield lane 01O with 02 axles. | TTOL | ($0.75) | $12.09 |

NOTICE OF REMOVAL
Page 38 of 44

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non−Prisoner)

## Exhibit 7: Florida Turnpike Business Records Submitted to Fla. 15th Cir. in 2011

(Page 2 of 2)
* The last 2nd to the last line (circled with a pen) shows the Plaintiff entering the Turnpike in Lake Worth headed Northbound and the Last line shows the Plaintiff exiting the Turnpike at Okechobee Blvd, which is inconsistent with Mr. Sims' claim that the Plaintiff had driven across the median.

**Financial Activity of Transponder 107965610110**

| Process Date | Activity | Transaction Type | Amount | Running Balance |
|---|---|---|---|---|
| 03/13/2011 11:32:22 | Transponder 107965610110 on 03/13/2011 10:09:14 at West Palm Beach lane 02N with 02 axles. | ETKT | $0.00 | $12.09 |
| 03/14/2011 18:17:10 | Transponder 107965610110 on 03/14/2011 17:49 07 at Jupiter lane 04Z with 02 axles. | XTKT | ($0.90) | $11.19 |
| 03/14/2011 21:11:29 | Transponder 107965610110 on 03/14/2011 17:33.37 at West Palm Beach lane 01N with 02 axles. | ETKT | $0.00 | $11.19 |
| 03/15/2011 01:32:21 | Transponder 107965610110 on 03/15/2011 00:49:06 at West Palm Beach lane 04X with 02 axles. | XTKT | ($0.90) | $10.29 |
| 03/15/2011 05:29:58 | Transponder 107965610110 on 03/15/2011 00:32:27 at Jupiter lane 02Y with 02 axles. | ETKT | $0.00 | $10.29 |
| 03/19/2011 21:22:59 | Transponder 107965610110 on 03/19/2011 21:07:42 at West Palm Beach lane 01N with 02 axles. | ETKT | $0.00 | $10.29 |
| 03/19/2011 21:42:16 | Transponder 107965610110 on 03/19/2011 21:23:09 at Jupiter lane 04Z with 02 axles. | XTKT | ($0.90) | $9.39 |
| 03/19/2011 21:45 14 | Prepaid Replenishment - 107965610110 | REPL | $20.00 | $29.39 |
| 03/21/2011 10:23:12 | Transponder 107965610110 on 03/21/2011 10:08:43 at Jupiter lane 02Y with 02 axles. | ETKT | $0.00 | $29.39 |
| 03/21/2011 11:43:43 | Transponder 107965610110 on 03/21/2011 10:25:23 at SR 80 lane 08Z with 02 axles. | XTKT | ($1.10) | $28.29 |
| 03/21/2011 20:04:47 | Transponder 107965610110 on 03/21/2011 19:30:33 at Jupiter lane 04Z with 02 axles. | XTKT | ($0.90) | $27.39 |
| 03/21/2011 20:09:45 | Transponder 107965610110 on 03/21/2011 19:15:28 at West Palm Beach lane 01N with 02 axles. | ETKT | $0.00 | $27.39 |
| 03/22/2011 11:01:52 | Transponder 107965610110 on 03/22/2011 10:43.50 at Palm Beach Gardens lane 01N with 02 axles. | ETKT | $0.00 | $27.39 |
| 03/22/2011 11:31:12 | Transponder 107965610110 on 03/22/2011 10:53:43 at West Palm Beach lane 06X with 02 axles. | XTKT | ($0.50) | $26.89 |
| 03/23/2011 20:25:34 | Transponder 107965610110 on 03/23/2011 19:35:55 at West Palm Beach lane 02N with 02 axles. | ETKT | $0.00 | $26.89 |
| 03/23/2011 21:17:49 | Transponder 107965610110 on 03/23/2011 19:51:06 at Jupiter lane 04Z with 02 axles. | XTKT | ($0.90) | $25.99 |
| 03/25/2011 10:29:24 | Transponder 107965610110 on 03/25/2011 10:19:28 at West Palm Beach lane 05X with 02 axles. | XTKT | ($0.90) | $25.09 |
| 03/25/2011 10:40:25 | Transponder 107965610110 on 03/25/2011 10 04:37 at Jupiter lane 02Y with 02 axles. | ETKT | $0.00 | $25.09 |
| 03/25/2011 20:25:13 | Transponder 107965610110 on 03/25/2011 19:57:32 at Jupiter lane 04Z with 02 axles. | XTKT | ($0.90) | $24.19 |
| 03/25/2011 21:02:18 | Transponder 107965610110 on 03/25/2011 19:42:00 at West Palm Beach lane 01N with 02 axles. | ETKT | $0.00 | $24.19 |
| 03/28/2011 10:27:34 | Transponder 107965610110 on 03/28/2011 10:07:42 at Jupiter lane 02Y with 02 axles. | ETKT | $0.00 | $24.19 |
| 03/28/2011 11:05 21 | Transponder 107965610110 on 03/28/2011 10:24:58 at West Palm Beach lane 05X with 02 axles. | XTKT | ($0.90) | $23.29 |
| 03/30/2011 17:59:21 | Transponder 107965610110 on 03/30/2011 17:14:37 at Lake Worth lane 05Y with 02 axles. | ETKT | $0.00 | $23.29 |
| 03/30/2011 18:38:42 | Transponder 107965610110 on 03/30/2011 17:54 11 at West Palm Beach lane 04X with 02 axles. | XTKT | ($0.40) | $22.89 |
| | **ENDING TRANSPONDER BALANCE** | | | **$22.89** |

Transaction Legend — REPL = Replenishment, TTOL = Transponder Toll, ETKT= Entry onto Florida's Tpke Mainline Ticket System, XTKT= Exit from Florida's Tpke Mainline Ticket System, SREC = Recovered Suspense, ITOL= Image Toll, EPRK = Entry into a SunPass Plus Parking facility, PRKG = Exit from a SunPass Plus Parking facility, XADJ = Axle Adjustment, TCA = Credit Adjustment, FADJ = Fare Adjustment (Managed Lanes), IRVS = Image Reversal

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non−Prisoner)

**Exhibit 8: The Complaint Lodged Against the Plaintiff for The License Suspension**



```
DITOMMASO                                           $ 163.00
(1273)

       |||||||||||||||||||||||||  ALEP9CE
FLORIDA UNIFORM TRAFFIC CITATION

PALM BEACH                  AGENCY NAME JUPITER POLICE
JUPITER                     AGENCY # 34

FRIDAY      04      25      2025       10:34
DAVID       WARREN          THROWER
340 RYAL POINCIANA WAY - 317-103
PALM BEACH                       FL    33480
              02     15    1983    W  M   510

        T660179830550
   FL    E        CL         2027
  2010    TOYT       SD        TAN
  52CFHG             FL    2025
1899 TONEY PENNA DR/BUSH RD, JUPITER


DID UNLAWFULLY COMMIT THE FOLLOWING OFFENSE




DWLS - NO KNOWL - DRIVE WHILE DL SUSP/CANC/REV |
Respond In 30 Days                            322.34(1)


X
      163.00              ALEP9CE

     NORTH COUNTY GOVERNMENT CENTER
     3188 PGA Boulevard PBG, FL 33410




                      1273
```

```
                                    COMPLAINT
                          WHEN PRESENTED TO VIOLATOR, THE FOLLOWING AMOUNT WAS ENTERED
                          PAY A CIVIL PENALTY IN THE AMOUNT OF $

CASE NO                                    PAGE NO
DATE         COURT ACTION AND OTHER ORDERS

       BAIL FIXED AT $              OR CASH DEPOSIT OF $

                               SIGNATURE OF PERSON FIXING BAIL

                               SIGNATURE OF PERSON TAKING BAIL

       FINE IN THE AMOUNT OF $           RECEIVED AS REQUIRED BY
       COURT SCHEDULE
                               SIGNATURE OF CLERK

       CONTINUANCE TO              REASON

       CONTINUANCE TO              REASON

       BOND ESTREATED

       WARRANT ISSUED

       VIOLATOR FAILED TO APPEAR-DRIVER LICENSE SUSPENDED
       VIOLATOR ARRAIGNED ON                         (DATE)
       PLEA
       FINDING
       ADJUDICATION
       SENTENCE  FINE              COST
                 JAILED            DAYS
       DRIVER IMPROVEMENT SCHOOL
       OTHER
       DRIVER LICENSE SUSPENDED OR REVOKED FOR        DAYS
       RECOMMEND DRIVER LICENSE SUSPENSION FOR        DAYS
       RECOMMEND RE-TEST


                      SIGNATURE OF JUDGE
       TESTIMONY  JUDGE'S NOTES (OR OTHER COURT ORDERS)


       APPEAL BOND OF $

       VIOLATOR'S FINGERPRINT (WHEN
       APPLICABLE)                →
```

** COPY  Printed from RMS  04 29 2025 01 01 04 **

Officer Notes:

**Exhibit 9: Printing Costs Associated with pleadings in response to the Complaint** (Exhibit 1)

**Office DEPOT**
**OfficeMax**

PALM BEACH GARDENS - (561) 775-2550
05/07/2025  4:02 PM

EV2VT7P3U5QQXM-X8F8

SALE       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-1111-24.8.1
901337  SS B&W Ltr Ema
39 @ 0.22              8.58
        **You Pay**        **8.58SS**
     Subtotal:       8.58
       Total:        8.58
     Visa 7054:      8.58

AUTH CODE 086787
TDS Contactless
AID A0000000031010  VISA DEBIT
CVS No Signature Required

BRITTANY PEARCE 15*****044
Please create your online rewards
account at officedepot.com/rewards
You must complete your account to
claim your rewards and view your
status

Shop online at www.officedepot.com
**WE WANT TO HEAR FROM YOU!**
**Visit survey.officedepot.com**
and enter the survey code below
174G XKTX Z457
or scan the below QR code

**Exhibit 10: Printing Costs 2, Associated with pleadings in response to the Complaint (Exhibit 1)**

* Can be authenticated by witness statement or subpoena to vendor

11:31

Need help?

Sign off

main account ...4058

$426.64

Available balance

Search by keyword

Filter

PURCHASE AUTHORIZED ON 05/08 DAIRY QUEEN #40716 JUPITER FL S465128612924700 CARD 7054

05/09/2025 — $10.85
PURCHASE AUTHORIZED ON 05/07 OFFICE DEPOT #211 PALM BEACH GA FL S585127731209094 CARD 7054

05/09/2025 — $8.58
PURCHASE AUTHORIZED ON 05/07 OFFICE DEPOT #211 PALM BEACH GA FL S465127722737946 CARD 7054

05/09/2025 — $3.66
PURCHASE AUTHORIZED ON 05/07 STARBUCKS 49081 PALM BEACH GA FL S385127589778648 CARD 7054

05/08/2025 — $113.98



Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non−Prisoner)

**Exhibit 11: Lacerations to the foot from lengthy walking in unsuitable footwear**

* Can be authenticated by witness statement



## Exhibit 12: Evidence of minimum client rate that could have been charged for the same hours spent preparing pleadings

* Exempt business record Can be authenticated by witness statement.

**EARNINGS STATEMENT**

**LOTUS INSIGHT, INC.**
**LOTUS INSIGHT**
(Legal Address)
8316 North Lombard Street, PMB 319
Portland, OR 97203
Phone: +19714122493

(Work address)
2000 PGA Boulevard, #4440
North Palm Beach, FL 33408
Phone: +19714122493
OR BIN: 018754386

**ADVICE OF DEPOSIT**

**PAY PERIOD:**
09 14 2024 - 09 27 2024

**PAY DATE:**
09 27 2024

**GROSS PAY:**
$1 034.50

**NET PAY:**
$1 034 50

**PAID TO:**
David Thrower

2000 PGA Boulevard, #4440
North Palm Beach, FL 33408
SSN. ...0731

| EARNINGS | RATE | HOURS | CURRENT | YTD |
|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |

| SUMMARY | CURRENT | YTD |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| Net Pay | $1 034 50 | $5 887 15 |
| Acct# ...234 Trace 021000025 [illegible] | $1,034 50 | |

